IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02040-BNB

PAUL NEWTON,

Applicant,

v.

BLAKE DAVIS, Warden, FCI Englewood,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant Paul Newton is in the custody of the United States Bureau of Prisons at FCI Florence. Mr. Newton initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On January 30, 2008, Magistrate Judge Boyd N. Boland directed Applicant to show cause why the Application should not be denied because he has an adequate and effective remedy pursuant 28 U.S.C. § 2255 in the United States District Court for the Southern District of Indiana (Southern District of Indiana). Mr Newton filed a Response on March 3, 2008.

The Court must construe the Application liberally because Mr. Newton is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action dismissed.

As determined by Magistrate Judge Boland, Mr. Newton is challenging the validity of his criminal conviction and sentence from the Southern District of Indiana in **United States v. Newton**, No. IP02-121-CR-01MF93-cr-00027-1. Mr. Newton alleges that he is not guilty of violating 18 U.S.C. § 924(e). It appears that Applicant is claiming that he has no relief available under 28 U.S.C. § 2255 and that § 2241 allows an applicant to proceed when a valid claim of innocence is asserted.

In the Response, Mr. Newton attached a copy of a decision entered by the United States Court of Appeals for the Seventh Circuit in **Newton v. United States**, No. 06-4287 (7th Cir. Dec 18, 2006), in which the court found he did not satisfy the authorization criteria in 28 U.S.C. § 2244(b)(1) because his claim of actual innocence only challenges his sentence and not the underlying offense. Mr. Newton also was instructed by the Seventh Circuit that he had filed five applications for permission to file a second collateral attack in less than one year and that if he continued to pursue claims that are clearly foreclosed he may be subject to sanctions. **Newton**, No. 06-4287.

Magistrate Judge Boland also determined that Applicant filed a § 2241 application in the United States District Court for the Eastern District of Kentucky, in which he raised the same claims he asserts in the instant action. The Eastern District of Kentucky found that Mr. Newton failed to pass the threshold of demonstrating that he lacks an adequate and effective remedy under § 2255 in the trial court and that he is actually innocent of criminal conduct under an intervening ruling handed down by the United States Supreme Court. See **Newton v. Booker**, No. 05-cv-00324-JBC (E.D. Ky. Sept. 7, 2005).

2

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

As noted above, Mr. Newton is challenging the validity of his conviction and sentence. He appears to argue, though, that his claims properly are raised in this habeas corpus action because the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate and ineffective.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that Mr. Newton has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See*

3

*Williams*, 323 F.2d at 673. Also, the fact that Mr. Newton may be barred from filing a second or successive motion in the sentencing court pursuant to § 2255 does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

Assuming that Mr. Newton can demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective by showing that a fundamental miscarriage of justice will occur, the Court finds that he fails to make such a showing. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Newton first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Newton then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Applicant fails to present any new evidence to demonstrate his actual innocence simply by stating that he is not guilty of violating § 924(e).

Even if the Court were to find that Mr. Newton may file a § 2241 in this Court because he has an inadequate and ineffective remedy provided in § 2255 in the sentencing court, the instant action is successive and abusive. Pursuant to 28 U.S.C. § 2244(a), the Court may deny a habeas corpus application asserted pursuant to 28

4

U.S.C. § 2241 that is successive or abusive. *See George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir. 1995). A successive application raises claims identical to those raised and rejected on the merits in a prior application. *See Schlup v. Delo*, 513 U.S. 298, 319 n.34 (1995). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, the court may not address the merits of successive habeas claims. *See id.* at 318-23; *George*, 62 F.3d at 335. Because Applicant fails to assert a claim that is based on actual innocence and because he has raised the same claim in the Eastern District of Kentucky, which was dismissed with prejudice for failure to pass the threshold of demonstrating that he lacks an adequate and effective remedy under § 2255, he fails to show cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Newton has an adequate and effective remedy in the United States District Court for the Southern District of Indiana.

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02040-BNB

Paul Newton
Reg. No. 06945-028
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk